1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA BARBER-DAY,

                    Plaintiff,

            v.

MATSON NAVIGATION COMPANY INC.,
a Hawaii Corporation; M/V MAUI, official
number 591709, her machinery, appurtenance,
equipment, and cargo, *in rem*; JOHN DOES I
through X,

                    Defendants.

Case No. C07-5175 RJB

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION TO
STRIKE OR FOR RULE 56(F)
CONTINUANCE, GRANTING
DEFENDANT'S MOTION TO
STRIKE, AND DENYING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

    This matter comes before the Court on Defendant Matson's Motion for Summary Judgment (Dkt. 25), Plaintiff's Motion to Strike Declaration of Gary Schrock or for Rule 56(f) Continuance (Dkt. 28), and Defendant's Motion to Strike (Dkt. 36).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I.  PROCEDURAL HISTORY

    On April 9, 2007, Plaintiff Linda Barber-Day ("Plaintiff") filed a complaint against Defendant Matson Navigation Company, Inc. ("Defendant"), M/V Maui, and John Does I though X "pursuant to 28 U.S.C. §1333, the Jones Act (46 U.S.C. § 688), U.S. Const. Art. III, §2, and the General Maritime Law."  Dkt. 1, ¶1.

    On March 37, 2008, Defendant filed a Motion for Summary Judgment.  Dkt. 25.  Defendant

1    supplemented that motion with the Declaration of Gary Schrock ("Schrock Decl."). Dkt. 26-2. On April

2    14, 2008, Plaintiff filed a Motion to Strike the Declaration of Gary Schrock or for Rule 56(f) Continuance.

3    Dkt. 28.  Plaintiff claims that Mr. Schrock is an undisclosed expert witness and, therefore, his declaration

4    should either be stricken from the record or Plaintiff should be granted an opportunity to depose him and

5    produce rebuttal expert testimony. *Id*. Defendant Matson filed a response to Plaintiff's motion to strike

6    and moved to strike some of Plaintiff's evidence. Dkt. 36.

7        On April 14, 2008, Plaintiff filed a response to Defendant's summary judgment motion. Dkt. 30.

8    On April 18, 2008, Defendant filed a reply. Dkt. 38.

9

10                                    II.  RELEVANT FACTS

11       On March 24, 2004, Plaintiff began working as chief cook aboard the SS MAUI. Deposition of

12   Linda Barber-Day ("Plaintiff's Dep."), Dkt. 26-4 at 4. On April 14, 2004, Plaintiff claims that she had

13   filled a pot of water to make soup in the galley of the MAUI. *Id*. at 6. She claims that she then carried the

14   pot of water across the galley from the sink toward the stove. *Id*. It is undisputed that the MAUI was in

15   the open ocean at this time. *Id*. at 7; Dkt. 25 at 3. As Plaintiff moved across the galley, she claims that the

16   ship tilted and that she lost her balance. Plaintiff's Dep., at 6-7. When she reacted to catch her balance,

17   she claims that she injured her knee. *Id*. 7. It is undisputed that Plaintiff failed to disclose her knee

18   injury to her supervisors until May 5, 2004. *Id*. at 17; Declaration of Chief Steward William Bryley

19   ("Bryley Decl."), Dkt. 26-3 at 4. On May 8, 2004, Plaintiff disembarked the MAUI. *Id*. at 4.

20       Plaintiff claims that her knee injury was caused by the unseaworthiness of the MAUI and

21   Defendant's failure to provide a reasonably safe place to work. Dkt. 1, ¶9. Specifically, Plaintiff asserts

22   that the camber of the MAUI's galley deck is extreme and unreasonably unsafe. Declaration of Linda

23   Barber-Day ("Barber-Day Decl."), Dkt. 32, ¶¶9-10. Plaintiff maintains that she has worked on at least 40

24   different ships and that the galley of the MAUI is different from any other she has seen. *Id*., ¶¶1-3.

25   Plaintiff also states that "[b]ecause of the extreme angle of the deck, [she] was injured when the Maui

26   rolled to port and [she] was required to put all of [her] weight onto [her] right leg in order to keep from

27   falling." *Id*. ¶7.

28

### III.  DISCUSSION

**A.      Plaintiff's Motion to Strike or Rule 56(f) Continuance**

As a preliminary matter, requests to strike material "shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief . . . ."  Local Rule 7(g).  Plaintiff filed a separate motion to strike.  Dkt. 28.  "For the convenience of the Court," Defendant responded in a separate brief.  Dkt. 36.  Although the Court has the authority to deny the motion for procedural defects, the Court should briefly discuss the issue in the interests of judicial efficiency.

Plaintiff has moved to strike the Declaration of Gary Schrock (Dkt. 26-2) because Plaintiff claims that he is an undisclosed expert witness.  Dkt. 28 at 1-2.  A party must disclose any expert witness that it intends to use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  If a party fails to disclose an expert witness, then it cannot use that witness to supply evidence on a motion.  Fed. R. Civ. Pro. 37(c)(1).

Plaintiff argues that Mr. Schrock expressed his opinion in stating that "[i]n my experience as a merchant marine officer, deck camber is a necessary and functional aspect of any seagoing vessel."  *Id*. ¶6.  Mr. Shrock also states that the MAUI galley deck has "a gentle slope and does not present any safety concerns."  *Id*. ¶8.  Defendant argues that Mr. Schrock may give opinions on subject matters to which he has "particularized knowledge" from years of experience as an officer aboard ocean going vessels.  Dkt. 36 at 2-4.  Mr. Schrock's opinion on the necessary aspects of seagoing vessels is more than particularized knowledge gained from years of experience.  This area of opinion is specialized knowledge of naval architecture.  Therefore, the Court should disregard Mr. Schrock's opinions.

Plaintiff also moved for a continuance pursuant to Fed. R. Civ. P. 56(f).  Dkt. 28.  The Court may grant a continuance "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."  Fed. R. Civ. P. 56(f).  Plaintiff claims that Mr. Schrock gave expert opinion and that "Plaintiff cannot counter Mr. Schrock's testimony absent an opportunity to depose him and produce rebuttal expert testimony."  Dkt. 28 at 2.  Plaintiff, however, has failed to show that she cannot present facts essential to justify her opposition.  As explained below, Plaintiff has established issues of material fact overcoming Defendant's motion for summary judgment.  Therefore, the Court should deny Plaintiff's motion for a continuance.

**B.      Defendant's Motion to Strike**

Defendant has moved to strike as unsupported and inadmissible Exhibit 1 and Paragraphs 2 and 3 of the Declaration of Thomas M. Geisness (Dkt. 29).  Dkt. 36 at 6-7.  Defendant claims that this evidence is inadmissible hearsay, lacks foundation, and lacks personal knowledge of the facts set forth.  *Id*. Defendant is correct.  Therefore, the Court should disregard Exhibit 1 and Paragraphs 2 and 3 of the Declaration of Thomas M. Geisness.

**C.      Summary Judgment**

Defendant argues that summary judgment is appropriate because Plaintiff cannot show that MAUI's galley deck was not reasonably safe (Dkt. 25 at 8) and because Plaintiff has failed to establish that Defendant was negligent under the Jones Act (*Id*. at 10).

**1.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the non-moving party only when the facts specifically attested by that party contradict facts specifically attested by the

1   moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence
2   at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*,
3   809 F.2d at 630 (relying on *Anderson, supra*).  Moreover, conclusory, non specific statements in affidavits
4   are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497
5   U.S. 871, 888-89 (1990).

6          Once the moving party has raised an issue, based on the pleadings, the burden shifted to the
7   nonmoving party to make a sufficient showing on all essential elements of its claim.  *See Celotex Corp. V.
8   Cartrett*, 477 U.S. 317, 323-325 (1985).  In addition, "[i]t is not our task, or that of the district court, to
9   scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify
10  with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,
11  91 F.3d 1275, 1279 (9th Cir. 1996).

12

13         **2.      Unseaworthiness**

14         Defendant argues that Plaintiff cannot show that the MAUI's deck was not reasonably safe.  Dkt.
15  25 at 8.   A shipowner has an absolute duty to furnish a seaworthy ship.  *Mitchell v. Trawler Racer, Inc.*,
16  362 U.S. 539, 549 (1960).  A seaworthy ship is one reasonably fit for its intended use.  *Id*. at 550.  "The
17  question whether [the working environment] was unreasonably unsafe for its intended use, and therefore
18  unseaworthy, is a question of fact for the jury."  *Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111
19  F.3d 658, 665 (9th Cir. 1997).

20         Defendant argues that Plaintiff "fails to prove by a preponderance of evidence that the vessel was
21  not reasonably fit for its intended purpose."  Dkt. 38.  Plaintiff, however, must only raise issues of material
22  fact to defeat a motion for summary judgment. *See above*.  Plaintiff claims that the camber of the MAUI's
23  galley deck is extreme and unreasonably unsafe.  Barber-Day Decl., Dkt. 32, ¶¶9-10.  Taking these facts in
24  the light most favorable to Plaintiff, a reasonable jury could conclude that the MAUI was not reasonably fit
25  for its intended use.

26         Therefore, the Court should deny Defendant's Motion for Summary Judgment (Dkt. 25) because
27  Plaintiff has raised an issue of material fact regarding the working environment on the MAUI.

28

1

### 3.    Jones Act Negligence

2      Defendant again argues that "Plaintiff fails to prove by a preponderance of the evidence that

3  Matson breached its duty to provide a reasonably safe work place." Dkt. 38 at 4.  The preponderance

4  standard is not appropriate for a summary judgment motion.  *See above*.

5      The elements of a Jones Act negligence claim are: duty, breach, notice and causation.  *Ribitzki,* 111

6  F.3d at 662.  To recover on a Jones Act claim, the plaintiff must establish that her employer was negligent

7  and that this negligence was a cause, however slight, of her injuries.  *Havens v. F/T Polar Mist*, 996 F.2d

8  215, 218 (9th Cir.1993).  The "quantum of evidence necessary to support a finding of Jones Act negligence

9  is less than that required for common law negligence, ... and even the slightest negligence is sufficient to

10  sustain a finding of liability."  *Id.*

11      Defendant argues that "Plaintiff offers no evidence of an industry standard or other method for

12  determining what degree of slope renders a vessel not reasonable safe." Dkt. 38 at 4.  Defendant,

13  however, offers no authority that an industry standard is necessary to overcome a motion for summary

14  judgment.  *See* Dkt. 25; Dkt. 38.  Plaintiff maintains that she has worked on at least 40 different ships and

15  that the galley of the MAUI is different from any other she has seen.  Barber-Day Decl., ¶¶1-3.  Plaintiff

16  also states that "[b]ecause of the extreme angle of the deck, [she] was injured when the Maui rolled to port

17  and [she] was required to put all of [her] weight onto [her] right leg in order to keep from falling."  *Id.* ¶7.

18  Viewing this evidence in the light most favorable to Plaintiff, she has established an issue of material fact as

19  to Defendant's negligence.

20      Therefore, the Court should deny Defendant's Motion for Summary Judgment on Plaintiff's Jones

21  Act claim because of there exists an issue of material fact regarding Defendant's negligence.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

IV. ORDER

Therefore, it is hereby

**ORDERED** that:

(1)    Plaintiff's motion to strike (Dkt. 28) is **GRANTED** as to Mr. Schrock's opinions;

(2)    Plaintiff's motion for a Rule 56(f) continuance (Dkt. 28) is **DENIED**;

(3)    Defendant's motion to strike (Dkt. 36) is **GRANTED**; and

(4)    Defendant's motion for summary judgment (Dkt. 25) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of April, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 7